1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10                San Francisco Division

11   JASON LEVETTE WASHINGTON,            Case No. 22-cv-06189-LB

12                Plaintiff,
                                          **SCREENING ORDER**
13        v.
                                          Re: ECF No. 1
14   HAKIM TAYLOR,

15                Defendant.

16

17                          **INTRODUCTION**

18        The plaintiff Jason Washington, who is representing himself and proceeding in forma

19   pauperis, stored equipment related to his ministry, Team Lord Jesus Christ Youth Ministry, at a

20   property in Oakland, with the agreement of the property's landlord. Another tenant there, Hakim

21   Taylor, harassed the plaintiff by, among other things, damaging the property, putting it outside in

22   the parking lot, removing the plaintiff's locks from the storage unit, cursing at him, and telling

23   him, "White Jesus can't help you." The plaintiff believes that Mr. Taylor harassed him because of

24   his religious beliefs and his ministry. Another tenant (Doe 2) also harassed the plaintiff verbally

25   and alluded to physical consequences if he remained at the storage area. The plaintiff claims (1) a

26   conspiracy to violate his constitutional rights in violation of 18 U.S.C. § 241 by Mr. Taylor and

27   Doe 2, (2) a failure by an unidentified Doe 1 to prevent a 42 U.S.C. § 1985 violation against him,

28

United States District Court
Northern District of California

1    all in violation of 42 U.S.C. § 1986, and (3) assault and damage to his property by Mr. Taylor. He

2    seeks damages of $20,946.02.[1]

3        Before authorizing the U.S. Marshal to serve the complaint, the court must screen it for

4    minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a

5    federal claim, and there is no diversity jurisdiction allowing the state claims. In this order, the

6    court identifies the complaint's deficiencies and allows the plaintiff an opportunity to amend the

7    complaint.

8                                       **STATEMENT**

9        In July 2022, Mr. Washington "created an agreement" with the landowner at 7972–7976

10   Macarthur, Oakland, to store the equipment of Team Lord Jesus Christ Youth Ministry.[2] On

11   September 11, 2022, Mr. Washington was outside, in front of the storage room, "generating a

12   correspondence" for the landowner. Mr. Taylor "approached" him and "began harassing him about

13   his presence." The complaint links to a video in which a man says something to the effect of, "are

14   you working? If you are not working, you can't kick it here."[3] The plaintiff ignored the harassment

15   and continued "creating correspondence" for the landowner. In response to the plaintiff's ignoring

16   him, Mr. Taylor assaulted the plaintiff by touching his hand.[4]

17       The plaintiff texted the landlord, left, and came back to tend to his property. Mr. Taylor

18   responded by berating the plaintiff. The complaint again links to a video, which shows the storage

19   place and the encounter. The other person in the video (presumably Mr. Taylor) tells the plaintiff

20   that he is not wanted, asks for the keys back, starts moving the stored materials out (including a

21   TV), and when the plaintiff mentions calling the landlord, says something to the effect of, "I'm the

22   property manager here. Would you like me to call another agency to remove you from here?" Mr.

23

24

---

25   [1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations
26   are to the ECF-generated page numbers at the top of documents.

     [2] Compl. – ECF No. 1 at 3 (¶ 1).

27   [3] *Id.* (¶ 2) (citing https://photos.app.goo.gl/mrP55H6c4DuPpqRk7).

28   [4] *Id.* at 3–4 (¶¶ 3–6).

United States District Court
Northern District of California

Taylor then tells him that he is not wanted there, he does not live there, he makes people uncomfortable, and Mr. Taylor is putting all of his stuff on the street.[5]

The plaintiff then alleges that Mr. Taylor removed the plaintiff's possessions from the storage area, broke some property, and put other property in a pile in a parking lot. The plaintiff told Mr. Taylor to stop, but Mr. Taylor cursed at the plaintiff and said, "White Jesus can't help you." The plaintiff believed the attack was motivated by the plaintiff's religious beliefs and ministry.[6]

A second tenant (Doe 2) then came outside and began berating the plaintiff, "falsely accusing" him, and "alluding to physical consequences" if the plaintiff remained at the storage area. Here, there is another video link here, but it doesn't work.[7]

Mr. Taylor also removed the lock so that the plaintiff could no longer store his property securely, but later returned and reinstalled the locks incorrectly. The plaintiff informed the landlord and reinstalled the locks himself, properly.[8] Later that week, the plaintiff discovered that Mr. Taylor cracked a TV that belonged to the Ministry.[9] Previously, on August 9, Mr. Taylor stole the Ministry's lawnmower.[10]

Liberally construing the complaint, the plaintiff claims harassment based on his religion in violation of the Equal Protection Clause of the Fourteenth Amendment and his right to religious expression under the First Amendment, violations of 18 U.S.C. § 241 (by Mr. Taylor and Doe 2), violation of 42 U.S.C. § 1986 (by Doe 1), and assault, battery and damage to property by Mr. Taylor.[11]

---

[5] *Id.* at 4 (¶¶ 4–6) (citing https://photos.app.goo.gl/dkwPdVKztbpBKmkg8).

[6] *Id.* (¶¶ 7–9).

[7] *Id.* (¶ 10).

[8] *Id.* at 5 (¶¶ 13–14).

[9] *Id.* (¶ 15).

[10] *Id.* (¶ 16).

[11] *Id.* at 5–6.

**GOVERNING LAW**

Federal courts are courts of limited jurisdiction. *E.g., Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). The plaintiff bears the burden of proving that his case is within federal jurisdiction. *See, e.g., In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

A complaint filed by a person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory, sua sponte review and dismissal by the court if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Under § 1915(e)(2), a court reviewing an in forma pauperis complaint must rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1126–27. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination

based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).

Under Rule 12(b)(6) and § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (cleaned up).

1    Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9

2    (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only

3    provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*,

4    413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments

5    show that he may be entitled to some relief. *Id.* at 1041.

6    When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that

7    a district court should grant leave to amend even if no request to amend the pleading was made,

8    unless it determines that the pleading could not possibly be cured by the allegation of other facts."

9    *Lopez*, 203 F.3d at 1130 (cleaned up).

**ANALYSIS**

11   First, there is no private right of action under 18 U.S.C. § 241, which is a criminal statute.

12   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citation omitted); *Sepehry-Fard v. Bank of*

13   *New York Mellon, N.A.*, No. 12-cv-1260-LHK, 2012 WL 4717870, at *4 (N.D. Cal. Oct. 2, 2012).

14   Second, for the plaintiff to sue defendants for violations of his constitutional rights, his claims

15   must be brought under 42 U.S.C. § 1983, which in turn requires that the defendants acted under

16   color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The 'under color of state law'

17   requirement is an essential element of a § 1983 case, and it is the plaintiff's burden to establish

18   this element." *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 3298249, at *5 (N.D. Cal. June

19   28, 2013) (citing *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002)). "Purely private conduct, no

20   matter how wrongful, is not covered under § 1983." *Id.* (citing *Ouzts v. Md. Nat'l Ins. Co.*, 505

21   F.2d 547, 559 (9th Cir. 1974)). The conduct of private actors constitutes state action only where

22   there is "such a close nexus between the State and the challenged action that the individual's

23   conduct may be fairly treated as that of the State itself," such as when a private actor "is controlled

24   by an agency of the State, when it has been delegated a public function by the State, when it is

25   entwined with governmental policies, or when government is entwined in its management or

26   control." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (cleaned

27   up). Here, the plaintiff has not shown that the defendants are state actors.

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Third, the plaintiff claims a violation of 42 U.S.C. § 1986. "Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988), *abrogated on other grounds as recognized in Meyer v. San Francisco Pub. Libr.*, No. 17-CV-02278-MEJ, 2017 WL 3453364 (N.D. Cal. Aug. 11, 2017). The plaintiff does not allege what Doe 1 knew or that he had the power to prevent the wrong.

As for § 1985, the plaintiff alleges that his civil rights were violated because of his religion. A threshold issue is whether religious animus can give rise to a § 1985 claim. In the Ninth Circuit, a claim under § 1985(3) requires either "that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "Religion is a suspect classification that warrants strict scrutiny for equal protection analysis." *Dadon v. Stabile*, No. CV 19-107-JFW (AGR), 2019 WL 3293065, at *6 (C.D. Cal. June 17, 2019) (citing *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001)), *R. & R. adopted*, No. CV 19-107-JFW (AGR), 2019 WL 3287829 (C.D. Cal. July 22, 2019). Thus, religious animus can give rise to a § 1985 claim. *Id.* (collecting cases; although the Fifth Circuit has held otherwise, "the Seventh, Eighth, and Tenth Circuits have expressly held that religious-based animus is actionable under § 1985(3)," and "the First and Second Circuits have implied [the same]"); *Cooper v. Molko*, 512 F. Supp. 563, 569 (N.D. Cal. 1981) ("[T]here can be little doubt that Plaintiff's religious group is a class for § 1985(3) purposes.").

That said, the plaintiff does not allege facts about a § 1985 violation. "Section 1985(3) sets forth three different types of claims." *Deleo v. Rudin*, 328 F. Supp. 2d 1106, 1113 (D. Nev. 2004). The first clause — the only relevant one here —prohibits conspiracy to deny equal protection of the laws on the highway or on the premises of another. 42 U.S.C. § 1983(3). The elements of a claim under the first clause of § 1985(3) are (1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) a resulting injury. *Addison v. Fred Meyer, Inc.*, 198 F3d 1130, 1141 (9th Cir. 2000).

1    Here, the plaintiff alleges no facts to support the existence of a conspiracy, either under

2    § 1985(3) or § 1983. *See, e.g.*, *Nelson v. Horel*, No. C 07-4094 CRB (PR), 2008 WL 152219, at *2

3    (N.D. Cal. Jan. 9, 2008) ("Conclusory allegations of a conspiracy which are not supported by

4    material facts are insufficient to state a claim under § 1983.") (citing *Woodrum v. Woodward*

5    *Cnty.*, 866 F.2d 1121, 1126 (9th Cir. 1989)). Instead, the complaint shows an eviction by a

6    property manager and some resulting damage to the plaintiff's property. Moreover, the plaintiff

7    cannot allege a conspiracy claim against only Doe 1, given that a conspiracy is an agreement

8    between two or more persons.

9    The final claims are for property damage, assault, and battery. Those are state-law claims.

10   They cannot be brought in federal court because the plaintiff has not shown that the court has

11   diversity jurisdiction. For diversity jurisdiction, the opposing parties must be citizens of different

12   states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Supreme

13   Court has interpreted § 1332(a) to require "complete diversity of citizenship" — that is, each

14   plaintiff must be a citizen of a different state than each defendant. *Caterpillar Inc. v. Lewis*, 519

15   U.S. 61, 68 (1996).

16                                        **CONCLUSION**

17   The plaintiff's claims likely belong in state court, because there are likely no viable federal

18   claims. But because the plaintiff is representing himself, the court allows him an opportunity to

19   amend his complaint to cure the deficiencies if he can. The alternative is to file a one-page notice

20   of voluntary dismissal, which will operate as a dismissal without prejudice to the plaintiff filing a

21   lawsuit in state court with any state claims he might raise against the defendants.

22   If the plaintiff does not file an amended complaint or a notice of dismissal by August 3, 2023,

23   the court will reassign the case and recommend dismissal for lack of federal subject-matter

24   jurisdiction.

25   **IT IS SO ORDERED.**

26   Dated: July 5, 2023

27   _____

28   LAUREL BEELER
     United States Magistrate Judge

United States District Court
Northern District of California